UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEREMY W., | ) |
|     Plaintiff | ) ) ) |
| v. | )    2:18-cv-00195-DBH ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) |
|     Defendant | ) ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff Jeremy W.'s application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has a severe impairment, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following my review of the record and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### The Administrative Findings

The Commissioner's final decision is the May 17, 2017 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-2.)[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has a severe personality disorder that will cause more than minimal limitations in Plaintiff's capacity for work activity, but is not of sufficient severity to compel a finding of disability under the Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P. More specifically, the ALJ found that Plaintiff is limited to no more than medium exertion involving simple routine tasks, provided he does not have to collaborate with others and does not work with the general public. (ALJ Decision ¶¶ 2-4.) Among other evidence considered by the ALJ were the expert opinions of Disability Determination Services consultants Robert Maierhofer, Ph.D. (Ex. 1A) and Mary Burkhart, Ph.D. (Ex. 3A), which opinions the ALJ accorded "great weight" in reaching her RFC finding. (R. 22.) The ALJ also gave great weight to the opinion of Donna Gates, Ph.D., who provided a consultative examination report. (Ex. 4F.)

After considering the evidence, including the testimony of a vocational expert, the ALJ determined that Plaintiff would be able to satisfy the demands of the specific medium-exertion jobs of floor cleaner, bus/truck washer, and landscape laborer, which jobs exist in substantial numbers. (ALJ Decision ¶ 9, R. 23.) Given the availability of jobs in the national economy that Plaintiff can perform, the ALJ found Plaintiff not disabled for purposes of the Social Security Act. (R. 24.)

**Standard of Review**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record

contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS,* 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## Discussion

Plaintiff argues the ALJ did not properly assess the expert opinion evidence and should have given more weight to the opinion of vocational expert Marie Levesque.

### A. Vocational and Neurological Assessments

On March 10, 2017, Ms. Levesque, Rehabilitation Counselor II, summarized her vocational counseling work with Plaintiff, and reported that Plaintiff had quit the two jobs[2] he obtained through vocational services "due to issues with coworkers and/or supervisors." (Ex. 27E, ECF No. 7-6.) According to Ms. Levesque, Plaintiff "demonstrated himself to be unable to maintain employment for any length of time," despite on-the-job support, and needed to develop the "soft skills that are necessary to be successful on the job." (*Id.*)

In November 2014, Ms. Levesque referred Plaintiff to Jason Merrin, Ph.D., Psy.D.,

---

[2] Plaintiff's two jobs involved working as a cashier and stock person at a Lewiston convenience store, in December 2015, and working in food production at a Little Caesars restaurant, in November, 2016. (Ex. 15E.)

3

for a neurological consultation. (Ex. 2F, R. 693.) Dr. Merrin's report, dated February 26, 2015, reflects that on multiple tests, Plaintiff generally achieved "average" scores. Dr. Merrin characterized Plaintiff as having a limited fund of information; fair-to-poor insight, judgment and impulse control; a tendency to be distrustful and alienated in relationships (R. 696-97); and "significant externalizing, acting-out behavior, which is likely to have gotten him into difficulties," including "difficulties with individuals in positions of authority (R. 701). Dr. Merrin noted that he forgot to administer certain "processing subtests" to Plaintiff, and opined that, as a result, the "validity and reliability of the cognitive portion of the evaluation and of the overall findings" was reduced. (R. 697.) Dr. Merrin's diagnostic impression was "antisocial personality disorder," and "bipolar II disorder with mood-congruent psychotic features." (R. 703.) Dr. Merrin did not consider Plaintiff's intellect to pose a difficulty, but he determined that mood and behavior dysregulation were of primary concern. (R. 704.) Dr. Merrin opined that Plaintiff would likely succeed with maintaining employment if he could "stabilize his maladaptive behavior" and suggested that Plaintiff focus on obtaining services to achieve stability and learn coping strategies, and secure his GED, before pursuing employment further. (R. 705-706.)

The ALJ was not persuaded by Ms. Levesque's opinion that Plaintiff is in fact unable to maintain employment. The ALJ gave the opinion no weight and characterized it as based on "partial information." (R. 22.) The ALJ attributed some weight to Dr. Merrin's findings, but she declined to give them controlling weight given Dr. Merrin's observation that he had neglected to perform all of the pertinent tests and therefore considered the

4

results not entirely reliable. (R. 22.) The ALJ relied principally on opinions offered by agency consultants who assessed the longitudinal record, including Dr. Merrin's neuropsychological evaluation and some of the vocational rehabilitation history.

The ALJ's assessment of the record and the opinions is sound and supported by the record. As the ALJ observed, Ms. Levesque's opinion does not appear to be based on a review of all the pertinent medical records. Furthermore, Ms. Levesque's opinion cannot fairly be construed as an RFC assessment. *Brooks v. Berryhill*, No. 2:16-CV-00553-NT, 2017 WL 4119587, at *5 (D. Me. Sept. 17, 2017) (opinion lacking in specific RFC opinion may be relegated less than controlling weight, as a general rule). Finally, the ALJ's decision not to give controlling weight to Dr. Merrin's opinion is reasonable and understandable given Dr. Merrin's acknowledgement that his failure to process certain tests "reduce[d] the validity and reliability of the cognitive portion of the evaluation and the overall findings." (R. 698.)

### B. Disability Determination Services Assessments

Plaintiff argues the consultants' opinions do not provide substantial evidence for the ALJ's RFC findings. Specifically, Plaintiff argues that because Dr. Gates contemplated that Plaintiff may be on the autism spectrum (Asperger's disorder), the ALJ was required to include Asperger's as a severe impairment at step 2 and include a corresponding RFC limitation on interaction with supervisors. (Statement of Errors at 4-6.)

Following a referral from Disability Determination Services, Dr. Gates conducted a consultative examination in April 2015 and issued a report. (Ex. 4F, ECF No. 7-8.) Dr. Gates wrote that Plaintiff "appears to have Asperger's disorder that may negatively impact

his ability to relate well to others." (R. 720.) Dr. Gates, however, otherwise determined Plaintiff was able to follow work rules, could manage a mild level of work-related stress, function independently on simple tasks, maintain his personal appearance, and behave in an emotionally stable manner. (*Id.*)

First, Dr. Gates' observation does not constitute a definitive diagnosis of Asperger's disorder. The fact that Plaintiff "*appears to have* Asperger's disorder that *may* negatively impact his ability to relate well to others" (*id*. emphasis added) does not compel a finding that Plaintiff is severely impaired due to Asperger's disorder. In addition, regardless of whether Plaintiff in fact has a form of autism, the record reflects that any limitations related to Dr. Gates' findings were incorporated in the RFC.

Moreover, two consulting experts reviewed Dr. Gates' report and the longitudinal record, including Dr. Merrin's neurological report, and did not find Plaintiff had Asperger's finding; instead the consultants' review "confirm[ed] a non-specific personality disorder and alcohol dependence in tenuous remission." (Robert Maierhofer, Ph.D., Ex. 1A, R. 72-75; Mary Burkhart, Ph.D., Ex. 3A, R. 84.) The opinions of the consulting experts constitute substantial evidence to support the ALJ's finding that Plaintiff's severe impairment is more appropriately characterized as a personality disorder.

Finally, Plaintiff maintains that because Drs. Burkhart and Maierhofer assessed a "moderate" degree of limitation in Plaintiff's ability to "accept instructions and respond appropriately to criticism from supervisors" (R. 75, 87), the ALJ erred when she failed to include such a restriction in her RFC finding. (Statement of Errors at 6-7.) The consultants' ultimate RFC determinations, however, are generally expected to be set forth

in the narrative sections of the form. *See*, *e.g.*, *Garcia-Trujillo v. Colvin*, No. 1:14-CV-00308-JCN, 2015 WL 1279610, at *3 n.6 (D. Me. Mar. 20, 2015); *Melland v. Soc. Sec. Admin. Comm'r*, No. 1:11-CV-00223-NT, 2012 WL 1800722, at *4, *7 (D. Me. Apr. 26, 2012). Here, in describing Plaintiff's RFC, the experts did not identify a need for a limitation on the extent of Plaintiff's work-interaction with supervisors, noted Plaintiff's self-report that he does not have difficulties with authorities, and determined that Plaintiff should be restricted to simple-tasks and a small group of coworkers. (R. 75, 87 – 88.) On this record, the ALJ reasonably and supportably determined that Plaintiff could interact appropriately with supervisors in the context of simple work "in si[ght] of co-workers but no teamwork or collaborative work." (R. 20.).[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[3] "[I]ssues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Commissioner, and the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [her], not for the doctors or for the courts." *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (internal quotation marks omitted). "An applicant's residual functional capacity is, after all, an administrative finding reserved to the Commissioner." *Id.* at 14 (citing 20 C.F.R. §§ 416.927(d)(2), 416.946).

7

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of February, 2019.